**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 04 2021

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF ARKANSAS
### LITTLE ROCK DIVISION

**THINK RUBIX, LLC**                                              **PLAINTIFF**

**V.**                           CASE NO. *4:21cv4-BRW*

**BE WOKE.VOTE; BE.WOKE.VOTE, LLC;**                    **DEFENDANTS**
**C.L.I.M.B. ORGANIZATION LLC; DEON TAYLOR;**
**ROXANNE TAYLOR; ROBERT F. SMITH;**
**BE WOKE LLC; AONE ENTERTAINMENT LLC;**
**DARRICK ANGELONE; HYPER ENGINE, LLC**
**HIDDEN EMPIRE FILM GROUP, LP;**
**KHRODGERS LLC.**

This case assigned to District Judge *Wilson*
and to Magistrate Judge *Deere*

## COMPLAINT

Plaintiff, Think Rubix, LLC ("Plaintiff"), for its complaint against Defendants,

Be Woke.Vote, Be.Woke.Vote, LLC, C.L.I.M.B. Organization LLC, Roxanne Taylor,

Deon Taylor, Robert F. Smith, Be Woke LLC, AONE Entertainment LLC, Darrick

Angelone, Hyper Engine, LLC, Hidden Empire Film Group, LP, and KHRodgers LLC

(each a "Defendant" and collectively the "Defendants") states:

### I.    PARTIES

1.    Plaintiff is a limited liability company organized under the laws of the

District of Columbia, with its principal place of business in Little Rock, Pulaski County,

Arkansas.  Plaintiff is authorized to do business and does business in Arkansas.

2.    Upon information and belief, Defendant BE.WOKE.VOTE, LLC ("BWV")

is a limited liability company organized under the laws of the state of California,

having a principal place of business at 8060 Shellborne Drive, Granite Bay, California

95746. Service of Process can be made on Defendant BWV through agent Roxanne Taylor at the same address as BWV.

3.     Upon information and belief, Defendant C.L.I.M.B. Organization LLC ("CLIMB") is a limited liability company organized under the laws of the state of California, having a principal place of business at 8060 Shellborne Drive, Granite Bay, California 95746. Service of Process can be made on Defendant CLIMB through agent Roxanne Taylor at the same address as CLIMB.

4.     Upon information and belief, Defendant Roxanne Taylor ("R. Taylor") is an individual domiciled in the state of California.

5.     Upon information and belief, Defendant Deon Taylor ("D. Taylor") is an individual domiciled in the state of California.

6.     Upon information and belief, Defendant Robert F. Smith ("R. Smith") is an individual domiciled in the state of California.

7.     Upon information and belief, Defendant Be Woke, LLC ("Be Woke") is a limited liability company organized under the laws of the state of California, having a principal place of business at 1500 W Cypress Creed Rd #107, Ft. Lauderdale, Florida 33309. Service of Process can be made on Defendant Be Woke through agent Evonne Zummo, having an address of 1700 S. Araby G88, Palm Springs, California 92264.

8.     Upon information and belief, Defendant AONE Entertainment LLC ("AONE") is a limited liability company organized under the laws of the state of Florida, having a principal place of business at 1500 W Cypress Creed Rd #107, Ft.

Lauderdale, Florida 33309. Service of Process can be made on Defendant AONE through its registered agent at Accounting Department of the Southeast Inc., 1500 W. Cypress Creed Rd #107, Fort Lauderdale, Florida 33309.

9.    Upon information and belief, Defendant Darrick Angelone ("D. Angelone") is an individual domiciled in the state of Florida.

10.    Upon information and belief, Defendant Hyper Engine, LLC ("Hyper Engine") is a limited liability company organized under the laws of the state of California, having a principal place of business at 8060 Shelbourne Drive, Granite Bay, California 95746. Service of process can be made on Hyper Engine through its registered agent Velma Sykes at the same address as Hyper Engine.

11.    Upon information and belief, Defendant Hidden Empire Film Group, LP ("Hidden Empire") is a limited partnership formed under the laws of the state of California, having a principal place of business at 8060 Shelbourne Drive, Granite Bay, California 95746. Service of process can be made on Hidden Empire through its registered agent Velma Sykes at the same address as Hidden Empire.

12.    Upon information and belief, Defendant KHRodgers LLC ("KHRodgers") is a limited liability company organized under the laws of the state of California, having a principal place of business at 12019 ½ Ocean Park Blvd, Los Angeles, California 90064. Service of process can be made on KHRodgers through its registered agent Kathleen H Rodgers at the same address as KHRodgers.

## II.    JURISDICTION AND VENUE

13.    Jurisdiction of this Court is invoked under 28 U.S.C. § 1338(a), as it is an action arising under the Trademark Act of 1946, as amended (the "Lanham Act"), codified at 15 U.S.C. § 1051 et seq. In addition, and as it relates to any state law issues alleged herein, this Court has supplemental jurisdiction of the subject matter pursuant to 28 U.S.C. § 1367(a), as the federal and state law claims at issue arise from a common nucleus of operate facts.

14.    The Court has personal jurisdiction over Defendants because Defendants have established minimum contacts with this forum such that assertion of jurisdiction does not offend traditional notions of fair play and substantial justice. On information and belief, Defendants collectively own and/or operate an internet website and social media platforms that solicit donations, offers products for sale, and advertises for political engagement and civic engagement, and the Defendants intended to reach prospective donors and voters in the state of Arkansas.

15.    Venue is proper in the Eastern District of Arkansas pursuant to 28 U.S.C. §1400(a) and 1391, and because the Defendants are juridical entities subject to personal jurisdiction in this district and deemed to reside here for purposes of venue.

16.    Venue is also proper in this district because the actions undertaken by Defendants were purposefully directed to the state of Arkansas and purchases of products and donations were solicited from Arkansas residents.

### III.   FACTUAL BACKGROUND

17.   Plaintiff repeats and realleges paragraphs 1-16 as though fully set forth herein.

18.   Plaintiff is a social innovation consultancy firm that helps nonprofits, businesses, and governments to engage in systems change to transform culture. Plaintiff promotes public awareness of the need for educating citizens about politics and issues in the political process and encourages greater participation in the political process through its political engagement and voter organization program and initiative WOKE VOTE.  The WOKE VOTE initiative is primarily aimed at the activation, engagement, and mobilization of historically disengaged voters of color through strategic social media outreach, campus and faith-based outreach, demonstrations, and intense get-out-the-vote mobilization efforts.

19.   Plaintiff has used the WOKE VOTE mark in association with its political and civic engagement services since at least as early as August 1, 2017, both as a wordmark and incorporating the phrase into various logos and designs, examples of which are shown below:



20.   On June 13, 2018, Plaintiff applied for a federal trademark registration for a stylized mark incorporating the phrase WOKE VOTE, and on June 4, 2019,

Plaintiff's mark was registered with the United States Patent and Trademark Office and assigned U.S. Federal Registration No. 5,767,245 ("the WOKE VOTE Registration."). The WOKE VOTE Registration is attached as Exhibit A. The stylized mark subject to the WOKE VOTE Registration is hereinafter referred to as the "Registered Mark" and collectively with the WOKE VOTE wordmark and numerous unregistered WOKE VOTE design marks as the "WOKE VOTE Marks."

21.    The Registered Mark features the stylized wording "WOKE VOTE" with the word "WOKE" in yellow above the word "VOTE" in white, all within a circular design in black and yellow with several raised fists in black and yellow outlining appearing within the circle. Within the letter "O" in "WOKE" appears a black and yellow background with several raised fists in black with yellow outlining, and the wording "WOKE VOTE" in white:



22.    Plaintiff primarily markets and displays its services using the WOKE VOTE Marks through its internet website accessible at wokevote.us and social media platforms, and also routinely markets and displays its services using the WOKE VOTE Marks at in-person and online events, through get-out-the-vote mobilization efforts, through demonstrations, rallies and townhalls, and through training programs and classes.

23.    Plaintiff, through the WOKE VOTE initiative, has received widespread recognition for efforts to educate voters and engage communities politically and civically.  Plaintiff and the WOKE VOTE initiative have been featured in numerous new stories, printed publications, and online features, and the WOKE VOTE initiative has even been featured in documentary film.

24.    Plaintiff also prominently displays the WOKE VOTE Marks on apparel and other items, particularly during large rallies, events, and get-out-the vote mobilization efforts:

 

25.    In order to promote public awareness of the needs of educating citizens about policies and the political process, Plaintiff relies heavily on donations from individuals and organizations who are politically motivated and/or desire to make a positive change in communities (disenfranchised or traditionally politically unengaged communities) through encouraging civic engagement.

26.    Defendants own and/or operate an "initiative aim[ed] to encourage participation and inspiration of younger generations that are oftentimes disenfranchised or not educated on the subject and to create discussions about politics through social media initiatives and in-person events," which Defendants operate

using the phrase BE WOKE.VOTE (the "Be Woke Vote Initiative"). Defendants market the Be Woke Vote Initiative primarily through an internet website accessible at bewoke.vote (the "Be Woke Vote Website") and various social media platforms, including Facebook and Instagram, as well as at in-person events aimed at raising political awareness and encouraging civic engagement.

27.    Since their creation in September 2018, Defendants' website and social media pages have prominently displayed the BE WOKE.VOTE mark in connection with the initiative and its products and services, including as a wordmark (the "Be Woke Vote Wordmark") and incorporated into various design marks (the "Be Woke Vote Stylized Marks", which together with the Be Woke Vote Wordmark are referred to as the "Be Woke Vote Marks").  Examples of Defendants' use of the Be Woke Vote Marks are shown below:





28.     Upon information and belief, Defendant BWV is an owner and operator of the Be Woke Vote Website and BWV is listed as an owner and operator of the Be Woke Vote Facebook page, both of which use the infringing Be Woke Vote Marks, and/or is otherwise involved in the use of the infringing Be Woke Vote Marks for the Be Woke Vote Initiative:



29.    Upon information and belief, Defendant AONE is an owner and operator of the Be Woke Vote Facebook page, which uses the infringing Be Woke Vote Marks, and/or is otherwise involved in the use of the infringing Be Woke Vote Marks for the Be Woke Vote Initiative (see screenshot in paragraph 28).

30.    Upon information and belief, Defendant KHRodgers is an owner and operator of the Be Woke Vote Facebook page, which uses the infringing Be Woke Vote Marks, and/or is otherwise involved in the use of the infringing Be Woke Vote Marks for the Be Woke Vote Initiative (see screenshot in paragraph 28).

31.    Upon information and belief, Defendant CLIMB is an owner and operator of the Be Woke Vote Website, is the recipient of all donations received via the Be Woke Vote Website, and/or is otherwise involved in the use of the infringing Be Woke Vote Marks for the Be Woke Vote Initiative:





**Be Woke.Vote**

RECENT DONATIONS

CLIMB.Organization is with AONE and 4 others.
October 9

With less than a month to go until Election Day, we're presenting a fresh take on our #BeWokeVote podcast series. ..... "The Messy Truth" episode with Van Jones and Jamie Foxx is a good time, but a REAL time. The system works for you when the people you support are running the show. When you don't show up, what you care about does't either. So, what do you care about? Vote that! Who do want carrying the keys to this country? ... Vote for them! Wake up! Be energized. Be like Jamie. Be woke. Vote.

"If your votes didn't matter, why are they trying so hard to deny you the ability to cast it?"

When you register to #vote, when you get your friends and family to vote, you are making yourself a part of history. #YourVoteMatters

Registering is easy and only takes 2 mins! Look for us on the Voteable App available for iOS or Android or go to our website www.bewoke.vote to get it done.

The Be Woke Vote initiative aims to encourage participation and inspiration of younger generations that are oftentimes disenfranchised or not educated on the subject and to create discussions about #politics through social media work and in-person events.

Created by: Robert Smith, Deon Taylor and Hyper Engine LLC, for Be Woke.Vote

Directed by: Deon Taylor & Omar Joseph

Produced by: Roxanne Avent, Heather Knitzer, Suzanne Summerville, Darrick Angelone, Omar Joseph

Executive Producer: Robert F. Smith

Creative direction by: Darrick Angelone for AONE

#GOTV #bewokevote

CLIMB.Organization
October 11

On September 10th, we came together for more than just getting out the vote — we started a Revolution and we invite you to join. Your right to vote was hard fought and people are still fighting to protect it. Respect that right and use it. What have you got to lose? This year, maybe a lot. #BeWokeVote

"If your votes didn't matter, why are they trying so hard to deny you the ability to cast it?"

When you register to #vote, when you get your friends and family to vote, ... See More







32.    Upon information and belief, Defendant Be Woke is an owner and operator of the Be Woke Vote Website and/or is otherwise involved in the use of the infringing Be Woke Vote Marks for the Be Woke Vote Initiative. For example, a screenshot of the Be Woke Vote Website available through internet archives shows Be Woke as the owner and copyright claimant for the Be Woke Vote Website (see screenshot in paragraph 38).

33.    Upon information and belief, Defendant Hidden Empire is an owner and operator of the Be Woke Vote Website and/or is otherwise involved in the use of the infringing Be Woke Vote Marks for the Be Woke Vote Initiative:



34.    Upon information and belief, Defendant D. Taylor is an owner and operator of the Be Woke Vote Website and/or is otherwise involved in the use of the infringing Be Woke Vote Marks for the Be Woke Vote Initiative. For example, D. Taylor (along with R. Taylor) is listed as the co-founder of the Be Woke Vote Initiative on the website of R. Smith:

Be Woke.Vote Encourages All Americans to
Get Out and Vote

November 1, 2020 / By Writer



Many Americans, especially those of minority or underrepresented groups, believe that their votes do not
matter. Be Woke.Vote was created to change that misconception. Founded by movie director Dean Taylor
and producer Roxanne Avent Taylor as a nonpartisan initiative, Be Woke.Vote is a movement geared
toward encouraging people of color and historically underrepresented groups, especially those within the
millennial and Gen Z generations, to better understand and engage in the election process, whether
through casting their votes in elections or expressing their voices in other ways. The organization also
offers assistance with registering to vote, voting by mail and knowing where to vote in person.

Numerous celebrities, newsmakers and high-profile executives are involved in the cause, including Trey
Songz, Snarl, Terrence J and Founder, Chairman and CEO of Vista Equity Partners Robert F. Smith. Thanks
to the support of Smith, who is an executive producer of the initiative, and many others, the organization
has been able to arrange a number of events throughout the year to help those undeserved and
underrepresented while promoting the message of their cause.

35.     Upon information and belief, Defendant R. Taylor is an owner and operator of the Be Woke Vote Website, is the co-founder of the Be Woke Vote Initiative, and/or is otherwise involved in the use of the infringing Be Woke Vote Marks for the Be Woke Vote Initiative. See, for example, the screenshot from the website of R. Smith in paragraph 34.

36.     Upon information and belief, Defendant R. Smith is an owner and operator of the Be Woke Vote Website, is an executive producer of the Be Woke Vote Initiative, and/or is otherwise involved in the use of the infringing Be Woke Vote Marks for the Be Woke Vote Initiative.

37.     Upon information and belief, Defendant D. Angelone is an owner and

operator of the Be Woke Vote Website and/or is otherwise involved in the use of the infringing Be Woke Vote Marks for the Be Woke Vote Initiative.

38.    In the early stages of the Be Woke Vote Initiative, Defendants' use of the Be Woke Vote Stylized Marks incorporated the phrase BE WOKE.VOTE primarily in red, white, blue, and black:











39.     Overtime the Defendants' began to use Be Woke Vote Stylized Marks incorporating the phrase BE WOKE.VOTE in designs primarily using the colors black, white, and yellow:

 

40.     Defendants have gone as far as using Be Woke Vote Stylized Marks incorporating the phrase BE WOKE.VOTE in white and yellow lettering inside of a black circle:



41.     Defendants use the Be Woke Vote Marks prominently displayed in yellow, white, and black online, on apparel, and at in-person events, rallies, and in connection with mobilization and voter turnout efforts:





42.    Defendants were aware of Plaintiff, Plaintiff's work in promoting civic engagement and political engagement, Plaintiff's use of the WOKE VOTE Marks, and Plaintiff's Registered Mark prior to Defendants' use of the Be Woke Vote Marks.

43.    Defendants were aware of Plaintiff, Plaintiff's work in promoting civic engagement and political engagement, Plaintiff's use of the WOKE VOTE Marks, and Plaintiff's Registered Mark prior to Defendants' modification of the Be Woke Vote Stylized Marks to incorporate the circular logo with white, yellow, and black design elements.

44.    Defendants use the Be Woke Vote Marks to solicit donations from individuals and organizations who desire to promote political engagement (disenfranchised or traditionally politically unengaged communities) including on Defendants' website and social media platforms.

45.    Defendants have used the Be Woke Vote Marks to target voters and donors in all states, including Arkansas, through its internet website and social media platforms, including, for example, by using the hashtag #Arkansas on social media channels and providing information directly relevant to Arkansas voters:





46.    Defendants' use of a highly similar use of the Be Woke Vote Wordmark on highly similar or identical goods and services is likely to cause confusion, and has caused actual confusion, with Plaintiffs WOKE VOTE Marks, including the Registered Mark.

47.    Defendants use of the highly similar Be Woke Vote Stylized Marks incorporating the phrase BE WOKE.VOTE in black, white, and yellow coloring on highly similar or identical goods and services is likely to cause confusion, and has caused actual confusion, with Plaintiff's WOKE VOTE Marks, including the Registered Mark.

48.    Defendants' use of the Be Woke Vote Marks therefore infringes Plaintiffs rights in its WOKE VOTE Marks, including Plaintiffs common law rights in the WOKE VOTE Marks and Plaintiffs federally registered rights in the Registered Mark.

## IV.    CAUSES OF ACTION

49.    Plaintiff re-alleges and incorporates by reference all facts and allegations set forth above as though they were fully set forth below in the following causes of action:

### COUNT ONE – TRADEMARK INFRINGEMENT
### LANHAM ACT, 15 U.S.C. § 1114

50.    Plaintiff re-alleges and incorporates by reference paragraphs 1-49, as if fully set forth herein.

51.    Plaintiff established nationwide priority in its Registered Mark as of June 13, 2018, the date of filing of the application resulting in the WOKE VOTE Registration.

52.    As of the date of Plaintiff's nationwide priority, Defendants had not established any rights, registered or otherwise, in the Be Woke Vote Marks.

53.    Plaintiff has the exclusive right to use the Registered Mark in all states due to Plaintiff's nationwide priority in the Registered Mark.

54.    Defendants' Be Woke Vote Marks incorporate the entirety of the Registered Mark's literal element WOKE VOTE.

55.    Various versions of Defendants' Be Woke Vote Stylized Marks incorporate each and every color claimed in the Registered Mark.

56.    Defendants use the Be Woke Vote Marks on highly similar or identical goods and services as the Registered Mark.

57.    Despite Defendants' knowledge of the Registered Mark and of Plaintiff's work to promote political engagement using the Registered Mark, Defendants knowingly and intentionally used the Be Woke Vote Marks to solicit donations from individuals and organizations.

58.    Defendants willful and intentional use of highly similar marks on highly similar or identical goods and services has caused actual confusion among the general public and/or is likely to cause confusion such that the general public would confuse the services of Defendants of those of Plaintiff.

59.    Defendants have willfully and intentionally infringed and continue to infringe the Registered Mark through Defendants use of the highly similar marks on highly similar or identical goods and services.

60.    Such actual and/or likely confusion has harmed and/or will harm Plaintiff's ability to solicit donations from individuals and organizations.

61.    Accordingly, Defendants' infringing and unauthorized use of the Be Woke Vote Marks has caused actual damage to Plaintiff, and Plaintiff is entitled to recovery from Defendants the damages it has sustained as a result of Defendants' wrongful acts in an amount subject to proof at trial.

62.    Defendants' use of the Be Woke Vote Marks despite knowledge of Plaintiff, Plaintiff's use of the WOKE VOTE Marks, and Plaintiff's rights in the Registered Mark constitutes willful infringement under 15 U.S.C. § 1117.

63.    In addition, Defendants' infringing use of the Be Woke Vote Marks has caused, is presently causing, and unless such acts and practices are enjoined by the Court, will continue to cause, immediate and irreparable harm to Plaintiff for which there is no adequate remedy at law, and for which Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116.

**COUNT TWO– TRADEMARK DILUTION
UNDER 15 U.S.C. 1125(c)**

64.    Plaintiff re-alleges and incorporates by reference paragraphs 1-63, as if fully set forth herein.

65.    Plaintiff has devoted significant time and monies in development of the WOKE VOTE Marks, including the Registered Mark, and Plaintiff and Plaintiff's

WOKE VOTE Marks are widely recognized by the general consuming public of the United States as a designation of source of the services of Plaintiff.

66.    The WOKE VOTE Marks are inherently distinctive, or, in the alternative, because Plaintiff has consistently and extensively used the WOKE VOTE Marks to identify its high-quality services, and to distinguish its services from those offered by others, the mark has acquired distinctiveness overtime.

67.    Defendants' use of the Be Woke Vote Marks has the tendency to dilute and will inevitably dilute the distinctiveness of Plaintiff's WOKE VOTE Marks, and Defendants' use of the Be Woke Vote Marks will inexorably have an adverse effect upon the value of Plaintiff's WOKE VOTE Marks. Unless such unauthorized and infringing use is prohibited, Plaintiff's WOKE VOTE Marks will eventually be deprived of all distinctiveness and value.

68.    According, Defendants' infringing and unauthorized use of the Be Woke Vote marks has caused actual damage to Plaintiff. Plaintiff is entitled to recover from Defendants the damages it has sustained as a result of Defendants' wrongful acts in an amount subject to proof at trial.

69.    Defendants' use of the Be Woke Vote Marks despite knowledge of Plaintiff, Plaintiff's use of the WOKE VOTE Marks, and Plaintiff's rights in the Registered Mark constitutes willful infringement under 15 U.S.C. § 1117.

70.    In addition, Defendants' infringing use of the Be Woke Vote Marks has caused, is presently causing, and unless such acts and practices are enjoined by the Court, will continue to cause, immediate and irreparable harm to Plaintiff for which

there is no adequate remedy at law, and for which Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116 and/or 15 U.S.C. § 1125(c)(1).

## COUNT THREE– UNFAIR COMPETITION
## UNDER 15 U.S.C. 1125(a)

71.    Plaintiff re-alleges and incorporates by reference paragraphs 1-70, as if fully set forth herein.

72.    Defendants have deliberately and willfully attempted to trade on Plaintiff's goodwill in the WOKE VOTE Marks and the reputation established by Plaintiff in connection with its services, as well as in order to confuse consumers as to the origin and sponsorship of Defendants' services and to pass off Defendants' services in commerce as those of Plaintiff.

73.    Defendants' unauthorized use of the Be Woke Vote marks has deprived and will continue to deprive Plaintiff of the ability to control the consumer perception of its services offered under the WOKE VOTE Marks, placing the valuable reputation and goodwill of Plaintiff in the hands of Defendants.

74.    Defendants' conduct has and/or is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants and their services with Plaintiff, and as to the origin, sponsorship, or approval of Defendants and their services, in violation of 15 U.S.C. § 1125(a)(1).

75.    Defendants' use of the Be Woke Vote Marks despite knowledge of Plaintiff, Plaintiff's use of the WOKE VOTE Marks, and Plaintiff's rights in the Registered Mark constitutes willful infringement under 15 U.S.C. § 1117.

23

76.     Furthermore, the knowing, intentional, and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

## COUNT FOUR – TRADEMARK INFRINGEMENT
## (COMMON LAW)

77.     Plaintiff re-alleges and incorporates by reference paragraphs 1-76, as if fully set forth herein.

78.     By the acts described above, Defendants have engaged in trademark infringement of the common law of the state of Arkansas.

79.     The acts of Defendants set forth herein were committed willingly, with full knowledge of Plaintiff's rights, and with the intention of deceiving and misleading the public and causing harm to Plaintiff.

80.     As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

## COUNT FIVE – UNFAIR COMPETITION
## (COMMON LAW)

81.     Plaintiff re-alleges and incorporates by reference paragraphs 1-80, as if fully set forth herein.

82.     The acts of Defendants set forth herein were committed willingly, with full knowledge of Plaintiff's rights, and with the intention of deceiving and misleading the public and causing harm to Plaintiff.

83.     As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered and will continue to suffer damages in an amount that is not presently

ascertainable, but will be established at trial. Such damages include, but are not limited to damages for lost profits and lost reputation and goodwill.

## V. **PRAYER**

WHEREFORE, Plaintiff prays for judgement as follows:

a.    A judgement that Defendants have infringed Plaintiff's rights in the WOKE VOTE Marks;

b.    Entry of an order (on a preliminary or permanent basis) requiring that Defendants and their officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained, in accordance with 15 U.S.C. § 1125(c)(l) and/or § 1116, from further acts of infringement and unfair competition, including using, in any manner, the Be Woke Vote Marks, or any other name, mark, or domain name that wholly incorporates the phrase WOKE VOTE or is confusingly similar to the WOKE VOTE Marks;

c.    A judgement awarding Plaintiff compensatory damages for Defendants' acts of infringement, together with interest thereon, in accordance with 15 U.S.C. § 1117;

d.    A judgement awarding Plaintiff profits received by Defendants in accordance with 15 U.S.C. § 1117;

e.    A judgement awarding Plaintiff the costs of this action in accordance with 15 U.S.C. § 1117;

f.     A judgement declaring that Defendants' infringement has been willful

within the meaning of 15 U.S.C. § 1117;

g.     A judgment awarding Plaintiff enhanced damages up to three times the

amount of actual damages in accordance with 15 U.S.C. § 1117;

h.     A judgement declaring that this case is exceptional and warding

Plaintiff its attorneys' fees in accordance with 15 U.S.C. § 1117 and Rule

54(d) of the Federal Rules of Civil Procedure;

i.     A judgement granting such other and further relief to which Plaintiff

may be justly entitled.

Respectfully submitted:

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
bmiddleton@wlj.com
aphillips@wlj.com

By _____
     K. Brandon Middleton (2016130)
     Antwan D. Phillips (2010027)

*Attorneys for Plaintiff*